■ In the Matter of Association of Secretaries to Justices of the Supreme and Surrogate's Courts in the City of New York, Respondent, v Office of Court Administration of the State of New York et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Ira Gammerman, J.), entered August 5, 1988, which annulled

respondent Classification Review Board's determination upholding respondent Chief Administrative Judge's allocation of the titles senior secretary to Judge and principal secretary to Judge to salary grades JG 17 and JG 19, respectively, and directed respondent Chief Administrative Judge to reallocate such titles to salary grade JG 21, the salary grade allocated to the title secretary to Appellate Division Justice, unanimously modified, on the law, to vacate the direction to make such a reallocation, and in lieu thereof, the matter is remanded to respondent Chief Administrative Judge for further proceedings not inconsistent herewith, and is otherwise affirmed, without costs.

Petitioner is an association whose members are secretaries to Judges assigned to trial-level courts in the City of New York. Under the classification plan promulgated by respondent Chief Administrative Judge (CAJ), most of petitioner's members were classified under the title senior secretary to Judge allocated to salary grade JG 17; the relative few who work for Judges with administrative responsibilities were classified under the title principal secretary to Judge allocated to salary grade JG 19. Petitioner contends that the duties and responsibilities of its members are equivalent to those of secretaries who work for Judges assigned to the Appellate Divisions, classified under the title secretary to Appellate Division Justice allocated to salary grade JG 21, and that it was unjust and inequitable of the CAJ not to give such equivalence recognition in the classification plan. Respondent Classification Review Board (CRB) disagreed, whereupon petitioner instituted this CPLR article 78 proceeding, and prevailed upon IAS court (IAS) to annul the CRB's determination to the extent of directing the CAJ to reallocate the two titles held by petitioner's members to salary grade JG 21.

We affirm the annulling of CRB's determination but delete the directive that the job titles held by petitioner's members be reallocated to salary grade JG 21. Once IAS decided that trial-level secretaries are entitled to the same pay as appellate-level secretaries, instead of upgrading the former to the level of the latter, it should have remanded the matter to the CAJ for a determination as to the salary grade to be allocated to these three equivalent positions (*Matter of Bellacosa v Classification Review Bd.*, 72 NY2d 383, decided subsequent to IAS's order). Indeed, as much is conceded by petitioner, whose opposition brief offers no response to this point. Concur—Kupferman, J. P., Sullivan, Asch and Wallach, JJ.